IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTTER CLARK, Inmate #08040-029, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| THE UNITED STATES OF AMERICA, JENNIFER DAUGHERTY, DAVID McDONALD, PETER POTIOS, FRANCISCO QUINTANA, RICHARD SWAYNE, and S. THOMAS, | ) ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL NO. 04-862-WDS

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, an inmate currently in the Federal Correctional Institution in Greenville, Illinois, brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346, 2671-2680, and for alleged violations of his constitutional rights by persons acting under the color of federal authority, s*ee Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendant the United States of America under the Federal Tort Claims Act for confiscation and destruction of his property.

**COUNT 2:** Against Defendants Swayne, Potios, McDonald, Thomas, Daugherty, and Quintana for confiscating his property without due process of law.

This case is now before the Court for a preliminary review of the complaint and amended pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

Plaintiff states that on September 27, 2003, Defendants Swayne, Potios, Thomas, and McDonald confiscated 347 personal photographs because they were not placed in a photo album as required by prison regulation. At the time, Plaintiff was told that the photos would be returned to him if he purchased a photo album from the inmate commissary for their display. Plaintiff did so, and attempted to recover the photos, but was told that the photos had been lost and inadvertently destroyed. Plaintiff filed a tort claim at the administrative level, and on September 23, 2004, received a letter that offered him a settlement of $135.00. Plaintiff rejected the settlement offer.

Federal Prisoners may bring suit against the United States under the Federal Tort Claims Act ("FTCA") for injuries they sustain while incarcerated. *See Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). However, they must first present the claim to the federal agency responsible for the injury. *Id.* Under the act,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Plaintiff has filed with his complaint the Bureau of Prisons Final Denial of Claim letter indicating that administrative review had been completed and informing Plaintiff of his right to sue. As such, Plaintiff has stated a claim and shall be allowed to proceed on the FTCA claim stated in Count 1.

### COUNT 2

In an amended complaint (Doc. 7), Plaintiff uses the same facts and exhibits to bring a constitutional claim pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), as a separate count against Defendants Swayne, Potios, McDonald, Thomas, Daugherty, and Quintana.

The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fifth Amendment, to be free from deprivations of his property by government actors without due process of law. To state a claim under the due process clause of the Fifth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*. If the government provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36

(1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Court finds that Plaintiff has an adequate post-deprivation remedy in an action for damages under the Federal Tort Claims Act as stated above, and accordingly, he has no separate claim under the Fifth Amendment. As such, Count 2 is **DISMISSED** from the action with prejudice, *see* 28 U.S.C. § 1915A, as are all defendants associated with the claim.

**SUMMARY AND CONCLUSION**

Plaintiff is allowed to proceed against The United States of America on Count 1 of the complaint. Count 2 and Defendants Swayne, Potios, McDonald, Thomas, Daugherty, and Quintana are **DISMISSED** from the action.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for the **ATTORNEY GENERAL of the UNITED STATES** and the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **2** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **<u>Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.</u>**

The Clerk is **DIRECTED** to prepare a summons for the **UNITED STATES OF AMERICA**. The Clerk shall forward the summons, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The Clerk is **FURTHER DIRECTED** to prepare a <u>copy</u> of the summons, a <u>copy</u> of the complaint, and a copy of this Order to be served by the United States Marshal on the **ATTORNEY GENERAL of the UNITED STATES**.

The United States Marshal is **DIRECTED** to serve the original summons and complaint on

the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS**, and a <u>copy</u> of the summons and complaint on the **ATTORNEY GENERAL of the UNITED STATES**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois, a copy of every further pleading or other document submitted for consideration by this Court. He shall include, with the original paper to be filed with the Clerk of the court, a certificate stating the date that a true and correct copy of any document was mailed to the United States Attorney. Any paper received by a district judge or magistrate which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED: July 18, 2006**

<u>s/ WILLIAM D. STIEHL</u>
**DISTRICT JUDGE**