IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTTER CLARK, Inmate #08040-029, | ) |
| Plaintiff, | ) |
| vs. | ) |
| THE UNITED STATES OF AMERICA, JENNIFER DAUGHERTY, DAVID McDONALD, PETER POTIOS, FRANCISCO QUINTANA, RICHARD SWAYNE, and S. THOMAS, | ) CIVIL NO. 04-862-WDS |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Currently pending before the Court is Plaintiff's motion for a temporary restraining order to prevent the Bureau of Prisons from transferring him to another facility (Doc. 8). Plaintiff states that he should not be transferred to another location while this litigation is pending in this district.

A temporary restraining order is an order issued without notice to the party to be enjoined, and which can last no more than ten days. A temporary restraining order may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). After a review of Plaintiff's filings in the case, the Court is of the opinion that a temporary restraining order should not issue in this matter. Federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to

correctional officials and their staff. As such, **IT IS ORDERED** that Plaintiff's motion for a temporary restraining order (Doc. 8) is **DENIED**.

The Court notes, however, that in the body of the motion for a temporary restraining order, Plaintiff states his belief that prison officials are retaliating against him by threats of transfer for filing the instant lawsuit. Plaintiff states that he would like to "file a complaint in this Court for Defendants retaliating against Plaintiff for exercising his Constitutional Rights." The Court cannot grant this relief in this motion for a temporary restraining order. The Court **ADVISES** Plaintiff that if he wishes to have this retaliation claim heard, he has two options. First, he may seek leave to amend his complaint by filing a motion to amend in accordance with the Fed. R. Civ. P. 15 and Local Rule 15.1.

> Amended pleadings and supplemental pleadings shall contain all allegations which a party intends to pursue. All new material in the amended pleadings shall be underlined. The original of the amended pleading shall be attached to the motion to amend the pleading so that it may be filed if the motion to amend is granted.

Local Rule 15.1; *see* FED.R.CIV.P. 15. Second, Plaintiff may file a separate lawsuit against those Defendants who he believes are acting against him in retaliation.

**IT IS SO ORDERED.**

**DATED: July 18, 2006**

                                        **s/ WILLIAM D. STIEHL**
                                             **DISTRICT JUDGE**