# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTTER CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Case No. 04-862-WDS-PMF |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant United States of America's motion to dismiss (Doc. No. 22). The motion targets plaintiff's original complaint, which asserted a claim against the United States of America pursuant to the Federal Tort Claims Act (FTCA). On October 27, 2006, plaintiff filed a Second Amended Complaint, which restates the FTCA claim as Count I. The motion to dismiss is considered with respect to Count I of the Second Amended Complaint.

The United States argues that plaintiff's claim falls within the detention of goods exception to the waiver of sovereign immunity in the FTCA. Specifically, under 28 U.S.C. § 2680(c), any claim arising from "the detention of goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer" is excluded from the sovereign immunity waiver, and thus barred.

Plaintiff seeks compensation for items of personal property lost or destroyed by prison officials. The United States acknowledges that, in *Ortloff v. United States*, 335 F.3d 652, 660 (7th Cir. 2003), the Seventh Circuit adopted the view that a claim based on confiscation of personal

property at a federal prison facility is actionable under the FTCA. In particular, the Seventh Circuit held that an earlier version of § 2680(c) applied "only to law enforcement officers performing functions related to customs and excise duties." Defendant argues that the ruling in *Ortloff* is no longer controlling, due to changes in statutory language implemented with the passage of the Civil Asset Forfeiture Reform Act. More recently, the defendant acknowledged that this precise issue was recently resolved against the United States when the Seventh Circuit decided *Dahler v. United States*, 473 F3d 769, 772 (7th Cir. 2007). In *Dahler*, it was held that the § 2680(c) exemption did not apply or alter the holding in *Ortloff*, despite the Civil Assets Forfeiture Reform Act amendments.

As it currently stands, the law does not support the United States' argument for dismissal of Count I. The claim asserted as Count I may proceed, as it is not barred by the sovereign immunity exception.

IT IS RECOMMENDED that the United States of America's motion to dismiss (Doc. No. 22) be DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's motion to dismiss that motion (Doc. No. 29) be declared moot.

**SUBMITTED:** May 3, 2007 .

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**