# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTTER CLARK, | ) |
| Plaintiff, | ) |
| v. | ) No. 04-CV-862-WDS |
| UNITED STATES OF AMERICA, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant United States of America's motion to reconsider (Doc. 72), to which plaintiff responded (Doc. 73). Defendant seeks reconsideration of the Court's Order, dated May 30, 2007 (Doc. 34), which denied defendant's motion to dismiss plaintiff's complaint, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1]

Plaintiff's complaint alleges that prison officials at the Federal Corrections Institution at Greenville, Illinois (FCI-Greenville) lost or destroyed plaintiff's personal property, for which plaintiff claims that he is entitled to relief pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (FTCA).

In November of 2006, defendant filed a motion to dismiss plaintiff's complaint. Defendant argued that the FTCA's waiver of the United States' sovereign immunity did not apply because defendant fell within the "detention of goods" exception articulated in 28 U.S.C.

---

[1]Under Rule 60, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . .(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

§ 2680(c).² Subsequently, the Seventh Circuit decided *Dahler v. United States*, 473 F.3d 769, 771-72 (7th Cir. 2007)(holding that the Federal Tort Claims Act waives the government's sovereign immunity from suits arising from the unlawful detention of a prisoner's property by Federal Bureau of Prison officials). This Court properly relied upon that decision and denied defendant's motion to dismiss (See Order at Doc. 34). Thereafter, the United States Supreme Court overruled *Dahler* in *Ali v. Federal Bureau of Prisons*, 128 S.Ct. 831, 841 (Jan. 22, 2008)(holding that the meaning of "any other law enforcement officer" in § 2680 covers all law enforcement officers, including officers of the Federal Bureau of Prisons). Defendant's current motion to reconsider argues that, because the Supreme Court overruled *Dahler*, this Court no long has subject matter jurisdiction over plaintiff's claim because defendant constitutes a "law enforcement officer" under § 2680(c), to which the United States' sovereign immunity applies.

Plaintiff argues that the relief defendant seeks is not justified in this instance because, *inter alia*, the Supreme Court did not explicitly articulate whether it intended its ruling in *Ali* to apply retroactively. Therefore, this Court must consider whether to retroactively apply the Supreme Court's ruling in *Ali* to the case now before the Court.

Plaintiff relies on *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971) to argue that this Court

---

²"The provisions of this chapter and section 1346(b) of this title shall not apply to– . . .
    (c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if--
    (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
    (2) the interest of the claimant was not forfeited;
    (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
    (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law."

should apply a three-part balancing test in determining whether to apply a judicial decision retroactively.³ The Court notes, however, that the Supreme Court has abrogated the *Chevron Oil* retroactivity analysis. *Harper v. Virginia Dep't. of Taxation*, 509 U.S. 86 (1993). In *Harper*, the Court determined:

> When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

*Id.* at 97. The Court further reasoned that the need to apply the Supreme Court's pronouncements of federal law retroactively must "prevail over any claim based on a *Chevron Oil* analysis." *Id.* at 98 (quoting *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 540 (1991)).

Upon review of the record, the Court **FINDS** that *Ali* controls this dispute. *Ali*, 128 S.Ct. at 841 ("Section 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by "any," not just "some," law enforcement officers."). Therefore, this Court must give retroactive effect to the *Ali* Court's "controlling interpretation of federal law" and apply that ruling retroactively to this case. Accordingly, the Court **FINDS** that the defendant United States of America is immune from suit because federal law enforcement officers at FCI-Greenville fall within the § 2680(c) "detention of goods" exception to the FTCA's waiver of sovereign immunity. *Ali*, 128 S.Ct. At 841. Because defendant Jansen/Thomas constitutes a law

---

³The Court articulated a three-part test for determining when to apply a judicial decision retroactively, stating that: (1) the decision "must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed"; (2) the court must "weigh the merits and demerits in each case by looking to the purpose and effect, and whether retrospective operation will further or retard its operation"; (3) the court must consider any potential inequity that might result from retroactive application. *Chevron*, 404 U.S. at 106-107.

enforcement officer, he too falls within the § 2680(c) exception and is, therefore, immune from suit. The Court **GRANTS** defendant United States of America's motion for reconsideration and **DISMISSES** Count I of plaintiff's complaint as to the United States. *Harper v. Virginia Dep't. of Taxation*, 509 U.S. 86, 97 (1993). The Court, *sua sponte*, **DISMISSES** Count I as to defendant Thomas/Jansen. Plaintiff's *Bivens* retaliation claim in Count II against defendants Carney, Nuedeck, Thomas/Jansen, Solmomson and Nelson is the only claim remaining.

**IT IS SO ORDERED.**

**DATED:** March 26, 2008

s/*WILLIAM D. STIEHL*
**District Judge**