# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTTER CLARK, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Case No. 04-862-WDS-PMF |
| THE UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are cross motions for summary judgment (Doc. Nos. 65, 71). The motions address Count II, Scotter Clark's civil rights claim against the individual defendants. Construing the allegations in Clark's favor, he seeks damages from defendants Carney, Nuedeck, Thomas/Jansen, Nelson, Solmonson, and Long in their individual capacities. He asserts a First Amendment retaliation claim, seeking damages for injuries resulting from a variety of decisions regarding his confinement.

### I  Failure to Exhaust Administrative Remedies

Defendants assert the affirmative defense that plaintiff failed to exhaust his administrative remedies before he added his retaliation claim to this action. Plaintiff responds that he made an initial effort to present his administrative remedy request to the warden while he was still confined at FCI-Greenville. He maintains that he had no legal obligation to exhaust the administrative remedy process because meaningful relief was not available and because exhaustion is not required before a prisoner may pursue a *Bivens* action for money damages. He further maintains that exhaustion is an issue for trial.

The materials submitted show that plaintiff arrived at FCI-Greenville in February, 2001. In September, 2003, defendant Thomas confiscated hundreds of plaintiff's personal photographs. In September, 2003, plaintiff submitted a form asking that the confiscated photographs be mailed to an address in Iowa. On November 24, 2004, he filed a tort claim action against the United States. On October 18 or 19, 2005, shortly after he learned that he might be transferred to a different facility, he attempted to obtain administrative relief, claiming that the transfer was retaliatory. He made this effort by filing a request form asking the warden to intervene in the transfer decision.(Doc. No. 71-2, p. 23). That form was received and rejected a few days later on the basis that it was not adequately supported by materials showing that Clark had attempted an informal resolution.

Clark was transferred on October 24, 2005. Before the transfer was complete, he was initially housed at a facility in Oklahoma. During this period of confinement, Clark did not feel he could pursue administrative remedies. He was subsequently assigned to UPS-Leavenworth on November 2, 2005. Clark declined to pursue administrative remedies at that facility because he did not anticipate that the Bureau of Prisons could or would provide meaningful relief.

Plaintiff added his retaliation claim as Count II on October 27, 2006. Because the addition came after the effective date of the Prison Litigation Reform Act, the following amendment applies:

> No action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Proper exhaustion requires compliance with the prison's procedure. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The Bureau of Prisons has an administrative remedy procedure, which was available to Clark. That procedure is outlined in 28 C.F.R. Pt. 542. The first step is to present the issue of

concern for informal resolution.[1] The last step in the administrative remedy process is an appeal to the Bureau's central office. 28 C.F.R. § 542.15.

Clark made an effort to achieve an administrative remedy; however, he did not comply with the Bureau's rules or complete the administrative remedy process by appealing through the final step before he added Count II to this lawsuit in October, 2006.

Plaintiff maintains that the exhaustion requirement does not apply to his *Bivens* claim because the effort would have been redundant. That position conflicts with case law interpreting the exhaustion requirement. *Woodford v. Ngo,* 548 U.S. 81, 126 S.Ct. 2378, 2382-83 (2006) (requiring proper exhaustion for any suit challenging prison conditions); *Porter v. Nussle*, 534 U.S. 516, 524 (2002)(requiring exhaustion for § 1983 actions).

Plaintiff also suggests that the exhaustion defense should be resolved at trial. This position also lacks support. The evidence describing Clark's efforts to pursue the final steps in the administrative remedy process are not in dispute. The Court of Appeals has instructed that this affirmative defense should be resolved in advance of any decision on the merits. *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999).

Defendants' exhaustion defense has merit. Clark's retaliation claims against defendants Carney, Nuedeck, Thomas/Jansen, Nelson, Solmonson, and Long should be dismissed without prejudice.

## II. Qualified Immunity

The defendants also assert the affirmative defense of qualified immunity. If the Court concludes that Clark failed to exhaust his administrative remedies, this affirmative defense need not be resolved. Because the defense appears to have partial merit, it is addressed at this time.

---

[1] Prison officials have discretion to waive the initial step. 28 C.F.R. § 542.13(b). No facts suggest that this step was waived.

In assessing the merit of a qualified immunity defense, the Court first decides whether the alleged conduct violated a Constitutional right, taking the facts in the light most favorable to plaintiff. If so, the Court then considers whether the right was clearly established in the light of the specific context of the case. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

An act performed in retaliation for the exercise of a constitutionally protected right will subject the actor to liability even where the act, if taken for a different reason, would have been proper. *Buise v. Hudkins*, 584 F.2d 223, 229 (7th Cir. 1978). Clark's retaliation claim is premised on his efforts to recover lost property and achieve a remedy in tort from the United States. In order for Clark to recover under the free speech clause of the First Amendment, his comments must touch on a topic of public concern. *Yatvin v. Madison Metropolitan School District*, 840 F.2d 412, 419 (7th Cir. 1988); *McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Whitfiled v. Snyder*, 263 Fed. Appx. 518 (7th Cir. 2008). The evidence submitted, viewed in Clark's favor, shows that his speech pertained to lost items of personal property: photographs depicting himself, friends, business clients, and members of his family. The items are personal to Clark and do not touch on a matter of public concern. Hence, to the extent that Clark seeks relief under the free speech clause, the individual defendants would be immune from an award of damages.

### III. Conclusion

IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. No. 65) be GRANTED as follows. Plaintiff's retaliation claim against defendants Carney, Nuedeck, Thomas/Jansen, Nelson, Solmonson, and Long should be DISMISSED without prejudice for failure to exhaust administrative remedies.

IT IS FURTHER RECOMMENDED that plaintiff's motion for summary judgment (Doc. No. 71) be DENIED.

If these recommendations are adopted, no claim will remain for decision.

SUBMITTED:  June 11, 2008  .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**